**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000692
30-DEC-2015
08:39 AM**

NO. CAAP-12-0000692

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MANANA SUTIDZE, Plaintiff/Counterclaim Defendant-Appellee, v.
MARIE MINICHINO, Individually and as Trustee of the Gaetano
Trust, Defendant/Counterclaimant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0395)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)

This appeal arises out of a dispute between
Defendant/Counterclaimant-Appellant Marie Minichino
("Minichino"), pro se, individually and as Trustee of the Gaetano
Trust, and Plaintiff/Counterclaim Defendant-Appellee Manana
Sutidze ("Sutidze") over the ownership of two parcels of real
property on the Island of Maui. The two properties are located
at Lanihou Place, Kihei, Hawai'i ("Maui Meadows Property"), and
Luakaha Circle, Kihei, Hawai'i ("Piilani Village Property").
Specifically, Minichino appeals from the Order Granting
Plaintiff's Motion to Confirm and Enforce Settlement Agreement,
Filed on April 14, 2011 ("Order") entered on July 31, 2012 in the
Circuit Court of the Second Circuit ("Circuit Court").[1][2]

---

[1]    The Honorable Joseph E. Cardoza presided.

[2]    Minichino attached the Notice of Submission; Exhibits A-D;
Certificate of Service, which Sutidze filed on July 3, 2012, to her notice of
appeal. Although she described those documents as the "[f]inal judgment
approving settlement agreement, filed 7/2/12," which they are not, Minichino's
failure to properly identify the Order as the document appealed from is
harmless under the circumstances, and we deem her appeal to stem from the
Order. See Kitaami v. Shavelson, No. CAAP-13-0001964, 2015 WL 405706, at *1
fn.1 (Hawai'i App. Jan. 30, 2015) ("[A] mistake in designating the judgment
should not result in loss of the appeal as long as the intention to appeal
from a specific judgment can be fairly inferred from the notice and the

The central issue on appeal is the enforceability of an oral settlement agreement[3/] that the parties reached and entered into on the record during an April 28, 2010 hearing on Sutidze's motion to confirm the private sale of the Maui Meadows Property ("Settlement Agreement"). Minichino agreed to the terms of the Settlement Agreement on the record, and Sutidze's counsel was to prepare a written version of the agreement ("Settlement Stipulation") for signatures and to memorialize and confirm the terms of the Settlement Agreement. Although Sutidze's counsel prepared the Settlement Stipulation based on the Circuit Court's transcript and sent it to Minichino's counsel, Minichino did not sign the stipulation and Minichino's counsel provided no further comments or requests for revisions to the document. Subsequently, on April 14, 2011, Sutidze moved to confirm and enforce the Settlement Agreement ("Motion to Confirm").

On June 29, 2012, the Circuit Court orally granted Sutidze's Motion to Confirm, and on July 31, 2012, the Circuit Court filed the Order which confirmed that:

(i)  Defendant Marie Minichino, individually and as Trustee of the Gaetano trust, consented to the private sale of the Maui Meadows Property that was the subject matter of Plaintiff's Motion for Confirmation of Private Sale of Property and Distribution of Proceeds;

(ii)  Plaintiff Manana Sutidze, individually and as trustee of the Gaetano Trust, signed a quitclaim deed conveying any interest she had or may have had in the Piilani Village Property to Marie Minichino, individually and as trustee of the Gaetano Trust with said conveyance being effective as of March 5, 2009;

(iii)  upon the closing of the private sale of the Maui Meadows Property, Plaintiff and Defendant Minichino agreed to dismiss with prejudice any and all claims alleged and asserted against each other in the Complaint, Amended

appellee is not misled by the mistake." (quoting *Ek v. Boggs*, 102 Hawaiʻi 289, 294, 75 P.3d 1180, 1185 (2003) (citation marks and ellipsis omitted))).

[3/]  The Settlement Agreement as entered on the record stated that: 1) Minichino will consent to the sale of the Maui Meadows Property to William and Joann Caterina (collectively, the "Caterinas") pursuant to the certified purchase agreement and counteroffer dated April 12, 2010; 2) Sutidze, will sign a quitclaim deed for the Piilani Village Property to Minichino, as trustee of the Gaetano Trust, effective as of March 5, 2009; 3) Minichino will be able to remove the washer, dryer, and refrigerator from the Maui Meadows Property, no later than May 27, 2010; 4) Sutidze and Minichino will stipulate to dismiss the claims as between each other with prejudice, and the Circuit Court will retain jurisdiction in case the private sale does not go through or to enforce the settlement; and 5) Al Imamura will be discharged as the receiver for the Piilani Village Property.

Complaint and Counterclaim filed herein;

(iv)   Defendant Marie Minichino was allowed to remove a washer-dryer and refrigerator located in the Maui Meadows Property;

(v)   Plaintiff Manana Suditze and Defendant Marie Minichino, in her individual capacity and as Trustee for the Gaetano Trust, for themselves and their respective heirs, personal representatives, beneficiaries, successors and assigns, agreed to release and discharge each other from and against any and all claims, demands, rights of action and causes of action of any kind or character whatsoever from the beginning of time to the date of the dismissal with prejudice of the claims asserted in the Lawsuit;

(vi)   the parties would bear their own costs and attorney's fees in connection with this matter;

(vii)   the Court retained Jurisdiction of this matter to enforce the terms of this settlement agreement; and

(viii)  Alvin M. Imamura of Shore to Shore Realty, Inc. will be discharged as Receiver for the Maui Meadows Property and the Piilani Village Property and the balance of the funds in the Shore to Shore Realty, Inc.'s trust account shall be returned to Plaintiff and her attorney, Bendet Fidell, AAL ALC.

(Formatting altered.)

Previously, in order for Sutidze and Minichino to accomplish the terms of the Settlement Agreement, the Circuit Court had signed and entered the order granting Sutidze's motion to confirm the private sale of the Maui Meadows Property on April 28, 2010. Therefore, on June 21, 2010, the Maui Meadows Property was sold to the Caterinas, and the mortgage and debts connected to the Wells Fargo foreclosure action were paid off. Furthermore, in May 2010, Sutidze signed a quitclaim deed conveying any interest she had in the Piilani Village Property to Minichino, and Minichino removed her appliances from the Maui Meadows Property.

On appeal, Minichino asserts that the Settlement Agreement should be invalidated because: (1) she did not have the mental capacity to agree to the settlement; (2) she was the true owner of both properties; (3) the settlement conference was forced on her; (4) she was slandered in court by Sutidze and Sutidze's attorney; (5) Wells Fargo Bank, N.A.'s threatened foreclosure on the Maui Meadows Property was invalid; and (6) Sutidze's counsel committed fraud because she knew or should have

3

known that Wells Fargo's foreclosure was invalid.[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, we resolve Minichino's points of error as follows,[5] and affirm.

Our review of several of the points of error is precluded by Minichino's failure to provide transcripts for any hearings other than the April 28, 2010 proceeding. "The burden is upon the appellant in an appeal to show error by reference to matters in the record and he or she has the responsibility of providing an adequate transcript." *Bettencourt v. Bettencourt*, 80 Hawai‘i 225, 230, 909 P.2d 553, 558 (1995) (brackets omitted) (quoting *Union Bldg. Materials Corp. v. The Kakaako Corp.*, 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)). Without additional transcripts, for instance, we cannot review Minichino's claims that she lacked the capacity to agree to the settlement because of various stress factors in her life, factors which she says she advised the court of at the June 6, 2012 hearing; or that she was slandered in court by Sutidze's attorney and Sutidze.[6]

---

[4] Minichino's opening brief does not comply with Hawai‘i Rules of Appellate Procedure ("HRAP") Rule 28(b) in numerous respects, including the fact that it fails to include "[a] concise statement of the points of error set forth in separately numbered paragraphs." Haw. R. App. P. 28(b)(4). Nevertheless, we address her arguments on the merits to the extent that we can. *See Marvin v. Pflueger*, 127 Hawai‘i 490, 496, 280 P.3d 88, 94 (2012) (declining to dismiss appeal for failure to comply with HRAP Rule 28 because this court "has consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" (quoting *Morgan v. Planning Dep't, Cnty. of Kauai*, 104 Hawai‘i 173, 180-81, 86 P.3d 982, 989-90 (2004)).

[5] Sutidze argues that this court lacks jurisdiction over this appeal "because Sutidze has ongoing claims against a second defendant and the trial court has not entered a final judgment as to all claims and all parties nor has it certified any interlocutory order pursuant to [Hawai‘i Rules of Civil Procedure,] Rule 54(b)." Nevertheless, the Order is an appealable interlocutory order under the collateral order doctrine. *See Siangco v. Kasadate*, 77 Hawai‘i 157, 161, 883 P.2d 78, 82 (1994) (holding that "[i]n order to fall within the narrow ambit of the collateral order doctrine, the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment."); *Cook v. Surety Life Ins. Co.*, 79 Hawai‘i 403, 408, 903 P.2d 708, 713 (App. 1995) (holding that "an order enforcing a settlement agreement is a collateral order which is appealable"). Therefore, we address the merits of Minichino's claims.

[6] Furthermore, the contention that Minichino was slandered in court is not relevant to any claim that the Settlement Agreement was not or should not be binding.

The bulk of Minichino's remaining points on appeal address whether she should have settled the underlying case and not whether the settlement is binding; therefore, those claims on appeal lack merit. As to whether Sutidze's counsel committed fraud because she allegedly knew that the Wells Fargo foreclosure was invalid, the record shows that Minichino's counsel knew of the same alleged "facts" relating to the escrow officer's deposition testimony; thus, Minichino has not established that Sutidze's counsel misled her. Finally, it is apparent from the one transcript included in the record that the "settlement conference" was not forced on Minichino, that she was represented at the conference, and that she informed the court in person that she accepted the agreement reached at that conference.

Therefore, the Order Granting Plaintiff's Motion to Confirm and Enforce Settlement Agreement, Filed on April 14, 2011, entered on July 31, 2012 by the Circuit Court of the Second Circuit, is affirmed.

DATED: Honolulu, Hawai'i, December 30, 2015.

On the briefs:

Marie Minichino,
Pro Se Defendant-Appellant.

Yuriko J. Sugimura and
Gregory A. Ferren
(Bendet Fidell)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5